GEORGE C. McAVOY, NEXT FRIEND, ET AL., PLAINTIFFS, v. WILLIAM I. SEGAL, DEFENDANT.

Argued October 5, 1927—Decided January 31, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK. and LLOYD.

For the appellant, *Cole & Cole.*

For the respondent, *William Elmer Brown.*

PER CURIAM.

This suit was brought to recover damages for personal injuries to the infant plaintiff Elaine B. McAvoy and incidental damages to the plaintiff, her father, George C. McAvoy. The infant plaintiff Elain B. McAvoy, an infant six years old, was injured on August 6th, 1926. by being struck by the defendant's automobile truck, when driven in a south-

erly direction along Washington avenue across Ventnor avenue, at or near where the two streets intersect in the city of Ventnor, New Jersey. The trial of the case resulted in a verdict in favor of the infant plaintiff Elain B. McAvoy for $7,500, and for the plaintiff George McAvoy for $500.

The defendant appeals and files twenty-six grounds of appeal, which are argued under seven heads in the appellant's brief.

The problem for solution is, are there trial errors disclosed in the record? The sharp question in the case is as the plaintiff says, the infant plaintiff was crossing Washington avenue from the west side to the east when the truck approached. The defendant's claim is that the infant plaintiff, without warning, stepped from the sidewalk into the street, in a manner that should not be fairly anticipated by the driver of the automobile truck. There were but three witnesses to the accident, the mother for the plaintiff, the driver of the automobile truck and his helper. The truck came from the girl's left, the accident happened about three feet from the curb.

Our reading of the record and the consideration of the grounds of appeal lead us to the conclusion that the defendant's negligence was a jury question and properly submitted by the trial judge to the jury. We find no error in the first four assignments of error in admitting illegal testimony. Nor in number 5 denying a right to cross-examine the mother of the plaintiff as to what she said to the doctor concerning the child's ailment. Nor in numbers 6 to 19 refusing to charge certain requests. Nor in numbers 20 to 22, which relate to the finding of damages. Nor in numbers 23 to 26, alleged error in the charge.

Number 6. "If the jury believes that the child ran into the truck, there must be a verdict for the defendant." This was properly refused, as there is no evidence that the child ran into the truck or into the side of the truck. Bailey, the driver of the truck, says: "Just then she bolted out in front of me; I knocked her down." It is also faulty, because it should have stated, if the jury believe "from all the evidence."

Number 13. "If the truck reached the point of the acci-

dent before the child left the sidewalk there must be a verdict for the defendant." This was properly refused, as there was no evidence to justify such a charge.

Number 14. "The driver was not required to assume or anticipate that the child would run from the sidewalk into the moving truck." If the truck had been going at a proper rate of speed this might be a good request, but there is no evidence that the child ran into the moving truck.

This covers all the points that seem to us to call for discussion. Finding no error in the record, the judgment of the Atlantic County Circuit Court is affirmed.